1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
7                            AT TACOMA

8  JESSICA C.,

                              Plaintiff,          Case No. C20-5737 RSM
9
          v.                                      **ORDER AFFIRMING
10                                                DEFENDANT'S DENIAL OF
   COMMISSIONER OF SOCIAL SECURITY,               BENEFITS**
11
                              Defendant.
12

13        Plaintiff, the mother of minor child Z.C.C.,[1] seeks review of the denial of an application

14  for Supplemental Security Income Benefits.  Plaintiff contends the ALJ erred by misevaluating

15  the opinions of non-examining psychologists Grant Gilbert, Ph.D., and Richard Borton, Ph.D.,

16  teacher LaShonte Simon, treating physician Martin Cieri, M.D., and school counselor Caitlin

17  Brown.  Dkt. 18, pp. 1–2.  As discussed below, the Court **AFFIRMS** the Commissioner's final

18  decision and **DISMISSES** the case with prejudice.

19                                  **BACKGROUND**

20        Plaintiff is 10 years old.  *See* Admin. Record ("AR") (Dkt 16), p. 99.  On October 24,

21  2017, Plaintiff applied for benefits, alleging disability as of October 1, 2014.  AR 99–100, 186–

22

23
   ---
   [1] Although the minor child appears through her mother Jessica C., "Plaintiff" will refer to the minor child in this
   Order.

   ORDER AFFIRMING DEFENDANT'S
   DENIAL OF BENEFITS - 1

91.  Plaintiff's applications were denied initially and on reconsideration.  AR 99–118.  After the ALJ conducted a hearing on April 2, 2019, the ALJ issued a decision finding Plaintiff not disabled.  AR 36–97.  In relevant part, the ALJ found Plaintiff had a severe impairment of attention deficit hyperactivity disorder.  AR 39.  The ALJ found Plaintiff had no limitation in moving about and manipulating objects; less than marked limitations in acquiring and using information, interacting and relating with others, the ability to care for herself, and health and physical well-being; and a marked limitation in attending and completing tasks.  AR 45–51.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1–4.

## DISCUSSION

An individual under the age of 18 is disabled if she has a medically determinable physical or mental impairment that results in marked or severe functional limitations, and the limitations can be expected to result in death or last for a continuous period of at least 12 months, provided the individual is not engaging in substantial gainful activity.  20 C.F.R. § 416.906.  The Social Security regulations set forth a three-step sequential evaluation process for determining whether a child is disabled.  *See* 20 C.F.R. § 416.924(a).  At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity.  *Id.*  If the claimant is not, the ALJ proceeds to step two, at which point he or she must determine whether the claimant has a medically determinable impairment or combination of impairments that is severe.  *Id.*  If the claimant has a severe impairment or combination of impairments, the ALJ proceeds to step three, at which point he or she must determine whether the claimant has an impairment that meets, medically equals, or functionally equals a listed impairment in 20 C.F.R. § 404, Subpart P, Appendix 1 (the "Listings").  *Id.*  An impairment functionally equals a Listing if the child has

marked limitations in two areas of functioning or an extreme limitation in one area. 20 C.F.R. §

416.926a(a). The six areas of functioning, or domains, are: (1) acquiring and using information,

(2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and

manipulating objects, (5) caring for oneself, and (6) health and physical well-being. 20 C.F.R. §

416.926a(b)(1).

This Court may set aside the Commissioner's denial of Social Security benefits only if

the ALJ's decision is based on legal error or not supported by substantial evidence in the record

as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). The ALJ is responsible for

evaluating evidence, resolving conflicts in medical testimony, and resolving any other

ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Although

the Court is required to examine the record as a whole, it may neither reweigh the evidence nor

substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

2002). When the evidence is susceptible to more than one interpretation, the ALJ's

interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir.

2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless."

*Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**A.     The ALJ Did Not Err in Evaluating the Opinions of Dr. Gilbert and Dr. Borton**

Plaintiff argues the ALJ erred in evaluating the opinions of non-examining psychologists

Dr. Gilbert and Dr. Borton. Dkt. 18, p. 3. Dr. Gilbert opined Plaintiff had a marked limitation in

the domain of attending and completing tasks, a less than marked limitation in acquiring and

using information, and no or less than marked limitations in the remaining four domains. AR

103–04. Dr. Borton gave a similar opinion, finding Plaintiff had a marked limitation in the

domain of attending and completing tasks, no limitation in acquiring and using information, and

ORDER AFFIRMING DEFENDANT'S
DENIAL OF BENEFITS - 3

no or less than marked limitations in the remaining four domains.  AR 113–14.

The ALJ found the opinions of Dr. Gilbert and Dr. Borton persuasive.  AR 43.  As such, the ALJ found Plaintiff had a marked limitation in the domain of attending and completing tasks, but no other marked or extreme limitations.  *See* AR 45–51.

Plaintiff contends the ALJ erred because these opinions "state[] that the claimant has a less than marked limitation in the ability to acquire and use information, and the ALJ provides no rationale supporting his failure to include a marked limitation in the ability to acquire and use information, which would be directly impacted by her ability to attend and complete tasks."  Dkt. 18, p. 3.  Plaintiff appears to be arguing that Dr. Gilbert and Dr. Borton should have opined Plaintiff had a marked limitation in her ability to acquire and use information because they opined Plaintiff had a marked limitation in her ability to attend and complete tasks.  But Plaintiff points to no evidence requiring such an outcome.  Dr. Gilbert and Dr. Borton explicitly opined Plaintiff had a less than marked limitation in the ability to acquire and use information.  *See* AR 103, 113.  That Plaintiff believes—without any substantive or evidentiary basis—these opinions should have been different does not establish that they in fact should have been, or that the ALJ unreasonably interpreted the evidence in accepting them as written.  Plaintiff has therefore failed to show the ALJ erred in evaluating Dr. Gilbert's and Dr. Borton's opinions.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding the party challenging an administrative decision bears the burden of proving harmful error).

**B.     The ALJ Did Not Err in Evaluating Ms. Simon's Opinions**

Plaintiff argues the ALJ erred in evaluating the opinions of Plaintiff's teacher, Ms. Simon.  Dkt. 18, pp. 3–4.  Ms. Simon completed a teacher questionnaire rating Plaintiff's

abilities as to specific activities within each domain. *See* AR 289–96. Ms. Simon rated each

activity as "No problem," "A slight problem," An obvious problem," "A serious problem," or "A

very serious problem." *See id.* Ms. Simon opined Plaintiff had no problem or a slight problem

for each activity within the domain of acquiring and using information. AR 290. Ms. Simon

opined Plaintiff had a very serious problem working without distracting herself or others in the

domain of attending and completing tasks, but no or a slight problem in the remaining activities

in that domain. AR 291. Ms. Simon opined Plaintiff had no problem, a slight problem, or an

obvious problem in the activities within the domain of interacting and relating with others. AR

292. Ms. Simon opined Plaintiff had no problem or a slight problem in the activities within the

domain of moving about and manipulating objects. AR 293. Ms. Simon opined Plaintiff had no

problem or a slight problem in the activities within the domain of caring for herself. AR 294.

Ms. Simon gave no opinion as to the health and physical well-being domain. AR 295.

      The ALJ found Ms. Simon's opinions persuasive. AR 44. The ALJ accordingly found

Plaintiff had a marked limitation only in attending and completing tasks, the only domain in

which Ms. Simon opined Plaintiff had a limitation that was more than an obvious problem. *See*

AR 290–95.

      Plaintiff argues the ALJ should have interpreted Ms. Simon's opinions differently

because they were unclear and contained conflicting statements. *See* Dkt. 18, pp. 3–4. But the

ALJ is the one empowered to evaluate the evidence and resolve any conflicts or ambiguities in it.

*Andrews*, 53 F.3d at 1039. Plaintiff fails to show the ALJ's interpretation of Ms. Simon's

opinions was irrational. The ALJ could reasonably have interpreted Ms. Simon's opinions to

mean only activities that were more than an obvious problem, the middle of five possible

severity descriptions, were equal to marked or extreme limitations. If the evidence can support

ORDER AFFIRMING DEFENDANT'S
DENIAL OF BENEFITS - 5

more than one rational interpretation, the ALJ's rational interpretation must be upheld. *See*

*Burch*, 400 F.3d at 680–81.  Plaintiff has therefore failed to show the ALJ harmfully erred in

evaluating Ms. Simon's opinions. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at

407–09).

**C.     The ALJ Did Not Err in Evaluating Dr. Cieri's and Ms. Brown's Opinions**

Plaintiff argues the ALJ erred in rejecting the opinions of Dr. Cieri and Ms. Brown.  Dkt.

18, pp. 4–6.  Dr. Cieri opined Plaintiff had extreme limitations in attending and completing tasks,

interacting and relating with others, and caring for herself.  AR 701–02.  He opined Plaintiff had

no or slight limitations in the remaining domains.  *Id.*

Ms. Brown opined Plaintiff had extreme limitations in attending and completing tasks.

AR 706.  She opined Plaintiff had marked limitations in interacting and relating with others.  *Id.*

Ms. Brown opined Plaintiff had moderate limitations in caring for herself.  AR 707.  Ms. Brown

opined Plaintiff had no or slight limitations in the remaining domains.  AR 706–07.

The ALJ found Dr. Cieri's and Ms. Brown's opinions unpersuasive.  AR 43.  The ALJ

reasoned these opinions were inconsistent with Plaintiff's educational records, and Dr. Cieri's

own observations.  *Id.*

Plaintiff has again failed to show harmful error.  *See Ludwig*, 681 F.3d at 1054 (citing

*Shinseki*, 556 U.S. at 407–09).  The ALJ reasonably interpreted the record in finding that "while

[Plaintiff] does have some behavioral issues mostly relating to staying focused, she is

academically on pace for her age."  AR 43.  By the spring term of kindergarten, Plaintiff was

meeting or approaching end of the year standards in all areas except "complet[ing] and

return[ing] assigned homework on time," which is reasonably covered by the marked limitation

in attending and completing tasks.  *See* AR 400–01.  Plaintiff's teacher reported Plaintiff "met all

ORDER AFFIRMING DEFENDANT'S
DENIAL OF BENEFITS - 6

Kindergarten learning standards and goals." AR 402. Plaintiff performed within at least the average range in multiple areas, and she did not demonstrate eligibility for special education services. *See* AR 642, 648–51, 654. The ALJ reasonably interpreted this evidence as inconsistent with Dr. Cieri's and Ms. Brown's opinions.

The ALJ's determination that Dr. Cieri's opinions were inconsistent with Dr. Cieri's own observations does not withstand scrutiny, but the ALJ's error in making that finding was harmless. An error is harmless "where it is 'inconsequential to the ultimate disability determination.'" *Molina*, 674 F.3d at 1115 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). The ALJ's finding that Dr. Cieri's and Ms. Brown's opinions were inconsistent with Plaintiff's educational record remains valid regardless of the ALJ's error, and thus that error was harmless.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 18th day of March, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER AFFIRMING DEFENDANT'S
DENIAL OF BENEFITS - 7